WILLIAM P. YOUNG, PLAINTIFF IN ERROR, V. CHARLES W. SEYMOUR AND W. W. WARDELL, DEFENDANTS IN ERROR.

Practice: RENDITION OF VERDICT. During the consideration of a cause submitted to a jury, court adjourned until 9 A. M., of the following day, the judge thereof, at the same time, announcing aloud that the court would be at all times open for the purpose of receiving the verdict of the jury in the case, then being considered by them, if they should agree upon their verdict before midnight. At 11 o'clock, P. M., the judge went to the court room, and in the absence of all the officers of the court except the bailiff in charge of said jury, and in the absence of the parties to the suit and their counsel, received the verdict of the jury, discharged them from further consideration of the case, kept the verdict until the opening of court on the following morning, and, after having read it aloud in open court, handed it to the clerk for entry upon the records; *held*, a privy verdict, and of no force and validity, not having been affirmed by the jury in open court.

ERROR to the district court of Lancaster County.

Seymour and Wardell having brought suit in the court below against William P. Young, the cause was called for trial at the November term, A. D., 1873, of said court, and submitted to the jury at 4 o'clock, P. M., on the third day of that term. About 9 o'clock, P. M., the judge presiding, ordered the sheriff to adjourn the court until 9 o'clock, A. M., the next day, at the same time announcing aloud to the bar that the court would be at all times open for the purpose of receiving the verdict of the jury in this case, if they should agree upon the same before midnight. The court, by proclamation of the sheriff, was then adjourned until 9 o'clock, A. M., of the next day. About 11 o'clock, P. M., the judge went to the court room, pursuant to the announcement by him, and then and there received the verdict of the jury, in the absence of all the officers of the court except the bailiff in charge of the jury, and in the absence of either

of the parties to the suit or their counsel. The jury were then discharged, and at the opening of court on the following day, the judge read the verdict aloud in open court, and handed the same to the clerk for entry upon the records. No objection was made by Young or his counsel to any of said proceedings, nor did they ask to have the jury called or polled. Motion for a new trial being overruled, judgment was rendered on the verdict in favor of Seymour and Wardell for the sum of nine thousand nine hundred and seventy-five dollars and costs. To reverse this judgment, Young brought the cause to this court by petition in error.

*M. H. Sessions and N. S. Scott*, for plaintiff in error.

I. It is an elementary principle, that the verdict of the jury in criminal causes is to be delivered in with the same form as in civil cases, except that they cannot, in criminal cases give a privy verdict. 4 *Blackstone*, 361. The definition of a verdict and its manner of delivery is very clearly stated by Blackstone, Vol. 3, page 377. A privy verdict is of no force whatever. *Thomas Coke*, 392. *Barrit v. The State*, 1 *Wis.*, 175. A public verdict is one delivered in open court. 2 *Bouv. Law Dic.*, 635. If the record in this case does not show the verdict to be a privy one, then we are at a loss to understand what can in law, constitute a privy verdict. At an unseasonable hour of the night, and at a time when it is "neither the duty or the custom of the parties or their counsel to be in the court room," the judge of the court, with no one present except the jury and the bailiff in charge, receives a verdict from the jury, and then discharges them. Is not this a privy verdict?

II. The jury should not be discharged until the verdict is recorded. *Martin v. Moreback*, 32 *Ill.*, 485.

III.   There is no legal verdict, but a public one, delivered openly in court; and until it is received and recorded the jury may alter it.   *Warner v. New York Central Railroad Co.*, 52 *New York*, 437.   *Root v. Sherwood*, 6 *Johns.*, 67.   *Blackley v. Sheldon*, 7 *Id.*, 32.   *Fox v. Smith*, 3 *Cow.*, 23.   *Hilliard on New Trials*, 193, § 56.   *State v. Austin*, 6 *Wis.*, 208.   *Labar v. Koplin*, 4 *New York*, 550.   *Lawrence v. Stearns*, 11 *Pick.*, 500.   *Goodwin v. Appleton*, 22 *Maine*, 458.

IV.   The right to poll the jury after they have parted with their verdict, and been discharged, cannot be made available.   *Joy v. State*, 14 *Ind.*, 142.

V..   It is only the final opinion of the jurors that is to be expressed by their verdict, and the only proper mode of giving their definitive assent to a verdict is in open court, in answer to the usual inquiry made by the clerk. *Meade v. Smith*, 16 *Conn.*, 345.

*Seymour & Wardell, pro se.*

I.   Did the jury render a verdict in open court? They certainly did and no objection was made thereto, and on the next day following, judgment was duly entered thereon in open court, without objection or exception being taken.   Admit, for the sake of the argument, that what they say in their affidavits is true, then their failure to except to the taking of the verdict and to the judgment entered thereon, which they admit was in open court, most certainly would operate as an express waiver of said error—if error there was; but the plaintiff in error should have moved in arrest of judgment, and by failing to do so, and allowing judgment to be entered against him without objection, he waived his right to so object thereafter.   *Warren v. Glynn*, 37 *New Hamp.*, 340.   *Davis & Weathersby v. Hoopes & Bogart*, 33 *Miss.*, 175.

II. Irregularity in taking a verdict is no ground for arrest of judgment, even where objected to at the time, much less if no objection was taken. *Fuller v. Chamberlain*, 11 *Met.*, 503. *Raymond v. Bell*, 18 *Conn.*, 81.

III. All the cases we have examined go to the same extent, that a failure to then and there except to any informality in the taking of the verdict, which would be error in the court below, is the waiver of the same error.

MAXWELL, J.

The only question presented by the bill of exceptions is whether the verdict rendered in the case is a public or privy verdict.

Sec. 290, of the code of civil procedure, provides that "when the jury have agreed upon their verdict, they must be conducted into court, their names called by the clerk, and the verdict rendered by the foreman. When the verdict is announced, either party may require the jury to be polled, which is done by the clerk asking each juror if it is his verdict. If any one answer in the negative, the jury must again be sent out for further deliberation." Sec. 291, provides that "the verdict shall be written, signed by the foreman, and read by the clerk to the jury, and the inquiry made whether it is their verdict. If any juror disagree, they must be sent out again, but if no disagreement be expressed, and neither party require the jury to be polled, the verdict is complete and the jury discharged from the case."

Blackstone says "a verdict *vere dictum* is either *privy* or public. A privy verdict is where the judge hath left or adjourned the court, and the jury being agreed, in order to be delivered from their confinement, obtain leave to give their verdict privily to the judge out of court, which privy verdict is of no force unless afterwards affirmed by a public verdict, given openly in court, where-

in the jury may, if they please, vary from the privy verdict; so that a privy verdict is indeed a mere nullity. 3 *Blackstone*, 377. And it is held that a sealed verdict partakes of all the characteristics of a privy verdict, and is no verdict of itself, but must be affirmed by the jury in open court.

The verdict in this case is clearly a *privy* verdict, and of no force and validity unless affirmed by the jury in open court. The judgment of the district court is there-fore reversed and a new trial granted.

REVERSED AND REMANDED.

Mr. JUSTICE GANTT, concurred. Mr. CHIEF JUSTICE LAKE, having tried the cause in the court below, did not sit.