WILLIAM H. LONGFELLOW, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Practice in Criminal Cases: VERDICT.** On the trial of one L. for felony, after the cause had been submitted to the jury, and while they were considering their verdict, the court adjourned until the following morning. After the adjournment, the jury, having agreed upon a verdict, were conducted into the court room and delivered their verdict of guilty upon one count in the indictment, and were discharged by the judge. *Held*, a privy verdict and of no force and effect, not having been affirmed in open court.

2. ———: ———: AFFIDAVIT OF ATTORNEY. On the hearing of a motion for a new trial one of the attorneys for the accused made an affidavit that the verdict was received by the judge during an adjournment of the court, which was not denied. The contents of the affidavit were stated to the court, and the affidavit itself handed to the district attorney for examination, but it was not filed until after the hearing. *Held*, the objection, if any, must be made to its introduction as evidence; and if not so made is waived.

ERROR to the district court of Lancaster county. Tried below before POUND, J.

*J. A. Marshall* and *J. L. Caldwell*, for plaintiff in error, cited : *Young v. Seymour*, 4 Neb., 86.

*C. J. Dilworth, Attorney General*, and *J. C. Watson, District Attorney*, for the State.

MAXWELL, CH. J.

The plaintiff in error was convicted of an assault with intent to commit rape, at the March, 1879, term of the district court of Lancaster county, and sentenced to imprisonment in the penitentiary. He brings the case into this court by writ of error.

It appears from the affidavit of J. A. Marshall, one of plaintiff's attorneys, that the cause was tried on the tenth day of March, 1879, and that the verdict of the jury was received at 10 or 11 o'clock on the night of that day, and after the court had been duly adjourned to the morning of the eleventh of that month. This affidavit is not denied, but appended thereto in the record is this certificate :

" I hereby certify that this affidavit, of which the foregoing. is a copy, was not read to the court on the hearing of the motion for a new trial, but its contents were stated by counsel for defendant, and the affidavit was then handed to the ·district attorney before the close of the argument of said motion; but the same was not filed by the clerk until after the motion for a new trial had been argued and submitted.
" S. B. POUND,
" *Judge.*"

The propriety of a court stating objections in this manner may well be questioned. An affidavit used on a hearing should be filed before being read to the court, or its contents stated; but if not so filed until after the argument, when it is used on the hearing

without objection, the party filing it is entitled to the benefit of the same. The objection should be made at the time it is offered in evidence, and if not so made the objection is waived.

It appears from the affidavit in question that the verdict was received by the judge during an adjournment of the court. This being the case it is a mere privy verdict, and of no force nor effect unless afterwards affirmed by a public verdict, given openly in court. *Young v. Seymour*, 4 Neb., 86.

In the case above cited the judge about 9 P.M. ordered the sheriff to adjourn court until 9 A.M. the next day, at the same time announcing aloud to the bar that the court would be at all times open for the purpose of receiving the verdict of the jury, if they should agree upon the same before midnight. The court was then adjourned. About 11 o'clock P.M. the jury having agreed upon a verdict, the judge, pursuant to the announcement made by him, received the same and discharged the jury, and it was held by this court that the verdict was a privy verdict. In that case the principal facts were embodied in a bill of exceptions, and signed by the judge before whom the case was tried.

Section 486 of the criminal code provides that "when the jury have agreed upon their verdict they must be conducted into court by the officer having them in charge. Before the verdict is accepted the jury may be polled at the request of either the prosecuting attorney or the defendant." [Gen. Stat., 830.]

A verdict, to be of any validity, must be delivered in open court. This was the rule at common law. Chitty says: "When the jury have come to a unanimous determination with respect to their verdict they return to the box to deliver it. The clerk then calls them over by their names, and asks them whether

they agree on their verdict, to which they reply in the affirmative. He then demands who should say for them, in which they answer their foreman. This being done, he desires the prisoner to hold up his hand and addresses them: ' Look upon the prisoner, you that are sworn; how say you, is he guilty of the felony [or treason, etc.] whereof he stands indicted, or not guilty ?' The foreman then answers ' guilty ' or 'not guilty,' according to the conclusion to which the jury have arrived in their consultations. The officer then writes the word ' guilty ' or 'not guilty,' as the verdict is, after the words ' *pro se* ' on the record; and again addresses the jury : ' Hearken to your verdict as the court hath recorded it; you say that A. B. is guilty, [or not guilty] of the felony whereof he stands indicted, and so say you all.' " 1 Chit. Crim. Law, 635–6. 1 Bishop Crim. Pro., sec. 1001. Under our statute the verdict must be in writing, but this does not dispense with the requirements that the names of the jurors shall be called to ascertain that they are all present, and that they shall be asked if they all assent to the verdict. Either party may then, as a matter of right, have the jury polled, the object being to ascertain whether the verdict rendered by the foreman is concurred in by the others. The privy verdict rendered in this case being in effect no verdict, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.