33 145
44 149
33 145
45 396
33 145
52 777

## R. H. BISHOP v. PETER MUGLER.

1. VERDICT OF JURY — *When Final, When Not.* The determination of a jury, although formally stated in a verdict, and signed and sealed, is not final, but remains within the control of the jury, and is subject to any alteration or amendment by the jurors until it is actually rendered in court and recorded; and up to that time any member of the jury is at liberty to withdraw his consent from a verdict previously agreed upon.

2. SEALED VERDICT; *Polling Jury.* A sealed verdict should be presented by the full jury in open court, so that the parties may avail themselves of the right of polling the jury; and until the verdict is regularly received and filed, it is without force or validity.

3. ILLEGAL VERDICT; *Mandamus.* A verdict returned into court by a less number of jurors than constituted the jury is not effectual or legal, and its reception cannot be compelled by mandamus.

### *Error from Saline District Court.*

MANDAMUS against *R. H. Bishop,* a justice of the peace of Saline county, at the November Term, 1883. The defendant brings the case to this court. The opinion states the facts.

*J. G. Mohler,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: The district court of Saline county granted a peremptory writ of mandamus against the plaintiff in error, who is a justice of the peace of said county, commanding him to receive and file a verdict alleged to have been agreed upon by a jury in a certain cause tried before him as a justice of the peace, where the defendant in error was plaintiff and one William Huebner was defendant. From the pleadings and

10 — 33 KAS.

the evidence in the record, it fairly appears that the cause was submitted to the jury late in the evening, and the justice of the peace, with the consent of the counsel, instructed the jurors that if they agreed upon a verdict during the night, they might seal the same and separate, returning the verdict into court on the next morning at nine o'clock, to which time the court adjourned. The jury reached an agreement during the night, when the verdict was signed and given to the bailiff, and the jurors dispersed. The bailiff carried the verdict in his pocket for a short time, and then returned and deposited it upon a desk in the office of the justice of the peace. The attention of the justice of the peace was called to it in the morning, and he was informed that it was the verdict agreed upon the previous night. Upon the convening of the court, on the next morning, the jury failed to appear, and the justice directed the bailiff to bring the jury into court. After some effort to find the jurors, the bailiff returned and reported that only four of the jurors could be found. It was then suggested that the verdict which had been returned by the bailiff to the justice be received and filed, but the counsel for defendant objected to its reception, because it had been out of the hands of the jury, and insisted that it could not be received unless presented by the jury, with all of the jurors present. The court was then adjourned until three o'clock of the afternoon of the same day, and the bailiff was instructed, in the meantime, to make search for the absent jurors and bring them into court at that time. The court reconvened at 3 P. M., when five of the jurors appeared, the bailiff reporting that he was unable to find one of the jurors, or learn anything of his whereabouts. The justice then refused to receive the verdict, declared a mis-trial, discharged the jury, and continued the case for future disposition. Whereupon, the defendant in error instituted this proceeding in mandamus, and obtained a peremptory writ as above stated. The plaintiff alleges error.

The question presented for our determination is, was it the duty of the justice of the peace to receive and file the verdict brought into court in the manner hereinbefore stated, and

can its reception and filing be compelled by mandamus? It will be observed that the agreement of counsel and the direction of the court did not go further than to permit the jury, when they had agreed upon a verdict, to seal it, and separate for the night. This did not operate as a discharge of the jury, but it remained in existence as an organized body, and it was the duty of the jurors to have appeared at the convening of the court the following morning, and there, through their foreman, to present and publicly announce the verdict previously agreed upon. The permission to seal the verdict and separate for the night, did not dispense with the necessity of their attendance upon the court at the time to which it had adjourned. The determination of a jury, although formally stated in a verdict, and signed and sealed, is not final with them, but it remains within their control and subject to any alteration or amendment they desire to make, until it is actually rendered in court and recorded. It is well settled that any member of the jury is at liberty to withdraw his consent from a verdict already agreed upon, at any time before it is received and recorded. (*Root v. Sherwood*, 6 Johns. 68; Proffatt on Trial by Jury, § 449), and until a sealed verdict is properly received and recorded in court, it is without force or validity. (Proffatt on Trial by Jury, § 460.) Except by consent, the verdict can only be rendered by a full jury. Every member should be present when it is received, so that the parties may avail themselves of the right to examine each juror, and learn if he concurs in the verdict announced. The main purpose in requiring the jury to bring in their verdict, and personally present it in open court, is that the parties may have an opportunity to poll them, or to correct any informality found in the verdict presented. The polling of the jury is not a mere matter of discretion with the court, but is an absolute right of the parties to the suit. It was said in *Maduska v. Thomas*, 6 Kas. 159, "that in all cases a party has a right to know whether a supposed verdict is the verdict of each juror, or of only one or more of the jury; and if §§ 283 and 284 of the civil code do not apply where the jury decide

Bishop v. Mugler.

without retiring from the jury-box, still the common law would give each party a right to know the verdict of each juror." (See also *Thornburgh v. Cole*, 27 Kas. 490.) Of course some of these requirements and rights might have been waived and dispensed with by the agreement or conduct of the parties. Here there was no such agreement or waiver. The defendant in the action stood upon his rights, and strenuously objected to the reception of a verdict unless it was regularly presented by the jury as an organized body, with every member present. With the aid of the bailiff five of the jurors were found and brought into court, but the sixth could not be found. The determination of the five jurors was not a valid verdict, and the court could not receive it as such. (*Maduska v. Thomas*, supra.)

There has been no brief filed or argument made in this court in behalf of the defendant in error; but it is stated that to support his application for the writ, he relied upon the case of *Munkers v. Watson*, 9 Kas. 668. It is not authority in this case. There the verdict was unanimously agreed upon by the jury, reduced to writing in due form, returned by the jury, and regularly presented to the court, but for insufficient reasons the court refused to receive and enter the same. In this case, contrary to the injunction of the court, the jury disbanded before the rendition of a verdict, and as they did not assemble again, no valid verdict could be rendered by them. That which was returned was not a verdict, and therefore the court cannot be compelled by mandamus to receive and file it.

Some question is raised as to whether the court should not have compelled a more extended search, and a greater effort to secure the attendance of the absent juror. It would seem that a reasonable effort was made to bring the jury together, but that question cannot be determined in this proceeding, which is brought for the purpose of compelling the reception and filing of an alleged verdict, and not to compel the re-assembling of the jury.

The judgment of the district court will be reversed.

All the Justices concurring.