R. H. BISHOP V. PETER MUGLER.

*Motion for Rehearing.*

THE defendant in error filed a motion for a rehearing in *Bishop v. Mugler*, (reported in 33 Kas. 145, *et seq.*, wherein the facts are stated.) The opinion herein was filed at the October, 1885, session of the court.

*Garver & Bond*, for defendant in error.

*Per Curiam:* The opinion in this case was filed at the last February session of this court. (33 Kas. 145.)

The first appearance made here in the case by or on behalf of the defendant in error was in this application for a rehearing. Notwithstanding his tardy appearance and his failure to file a brief or to present any argument on the case, when it was originally submitted, we have reëxamined the points made by him in his motion, and find no occasion to change the conclusion at which we arrived in our former opinion. He now insists that we misconceived and overlooked portions of the record. It is true, as he states, that the alternative writ contains an allegation that Bishop, the justice of the peace, refused to recall the jury for a delivery of their verdict, but the court below, in its finding and judgment, recites that the duty which the justice refused to perform was the reception and filing of a sealed verdict, and not that he failed to reassemble the jury. The testimony in the case all agrees that the justice of the peace endeavored to bring the jury together, and the testimony offered by Mugler was that the officer, pursuant to the direction of the justice, searched for the absent juror from nine o'clock in the morning, when the jury should have reassembled, until three o'clock in the afternoon, when the officer returned and reported to the justice of the peace that no trace of the missing juror could be found. We are still of the opinion that a reasonable effort to reconvene the jury was made by the justice.

Our attention is also called to a stipulation in the entry of the findings and judgment of the court below, stating that the verdict might be received from the foreman of the jury, or other person in whose hands it might be, without again bringing the full jury before the justice, and that the same should be considered as if delivered in open court and in the presence of the whole jury; and it is said that this stipulation amounts to a waiver of any error in the district court; but we think not. Manifestly there was no such intention. It is evident from the record that before the agreement was made the ques-

tions at issue in the case had been determined against the plaintiff and judgment entered ordering the issuance of a peremptory mandamus. The stipulation had reference only to the execution of the peremptory writ which the court had erroneously awarded. There had been no agreement to dispense with the attendance of all the jury in rendering a verdict while the matter was before the justice of the peace. The one made was subsequent to the rendition of the judgment which was then excepted to, and is not sufficient to preclude the plaintiff in error from having the case reviewed here.

The motion will be denied.