C. T. Rigg, *as Sheriff of Kingman County*, v. Oliver Bias.

Sealed Verdict — *Jury, Not Discharged — Polling.* The agreement of the attorneys of the parties to a civil action, that the jury may return a sealed verdict, does not operate as a discharge of the jury. In such a case the jury should assemble again when their sealed verdict is to be delivered in court, to the end that they may be polled, should either party desire it.

*Error from Kingman District Court.*

Action to recover the value of certain corn. Judgment for the plaintiff *Bias*, at the September term, 1887, for $80. The defendants bring the case to this court. The facts appear in the opinion.

*Lydecker & Cooper*, for plaintiff in error.

*Jones & Denton*, and *McCallahan & Cone*, for defendant in error.

The opinion of the court was delivered by

Horton, C. J.: This was an action in the court below by Oliver Bias against C. T. Rigg, sheriff of Barber county, and the sureties upon his official bond, to recover the value of four hundred bushels of corn levied upon and sold under execution. Bias alleged that the corn was exempt from seizure and sale, being necessary for the support of himself, family, and his stock for one year.

After the introduction of the evidence, the charge of the

court, and the arguments of the attorneys, the jury retired for deliberation in charge of the bailiff. This was Saturday, the 16th of December, 1887. It being late in the evening when the jury retired, it was stipulated between the attorneys for the parties, that if the jury agreed before the convening of the court on the following Monday, they might return a sealed verdict. The jury agreed about ten o'clock P. M., on Saturday, the 16th, sealed up the verdict, and delivered it to the bailiff. The bailiff thereupon discharged the jury from further service in the case. The bailiff delivered the verdict to the court, and, upon the convening of the court on Monday, December the 18th, the verdict was read, and delivered by the court to the clerk to be recorded. The jury did not report to the court on Monday morning at the time the verdict was read, and no opportunity was given Rigg, or his sureties, to poll the jury. The attorneys of Rigg were present when the verdict was read and handed to the clerk for entry, but made no objection to the verdict, or asked to have the jury called. ·

We think, under the facts disclosed, that the verdict was a privy one and of no force and validity, not having been affirmed by the jury in open court. (*Bishop v. Mugler*, 33 Kas. 145; *Young v. Seymour*, 4 Neb. 86.) It was said in *Bishop v. Mugler*, supra, that—

"It will be observed that the agreement of counsel and the direction of the court did not go further than to permit the jury, when they had agreed upon a verdict, to seal it, and separate for the night. This did not operate as a discharge of the jury, but it remained in existence as an organized body, and it was the duty of the jurors to have appeared at the convening of the court the following morning, and there, through their foreman, to present and publicly announce the verdict previously agreed upon. The permission to seal the verdict and separate for the night, did not dispense with the necessity of their attendance upon the court at the time to which it had adjourned. The determination of a jury, although formally stated in a verdict, and signed and sealed, is not final with them, but it remains within their control and subject to any alteration or amendment they desire to make, until it is actually rendered in court and recorded. It is well settled

that any member of the jury is at liberty to withdraw his consent from a verdict already agreed upon, at any time before it is received and recorded, and until a sealed verdict is properly received and recorded in court is without force or validity."

It is held by the authorities that a sealed verdict partakes of all the characteristics of a privy verdict, and is no verdict of itself, but must be affirmed by the jury in open court. (3 Bl. Com. 377.) In this case, the attorneys did not agree that the jury should be discharged by the bailiff or the court upon handing in a sealed verdict; therefore they should have assembled again on Monday, when their verdict was announced, to the end that they might be polled should either party have desired it. (Thompson & Merriam on Juries, §§ 333–339.) In order to have cured the error of the trial court in the reception and entry of the verdict in the absence of the jury, the attorneys of the parties should have expressly agreed that the jury might be discharged when they had agreed upon their verdict, or they should have expressly waived the polling of the jury. To cure the verdict, affirmative, not negative, action was necessary.

We perceive no error in the ruling of the trial court concerning security for costs. Bias had made an affidavit that on account of his poverty he was unable to give security. (Civil Code, § 581.) If this affidavit is false, he can be convicted of perjury.

As the case must go back for a new trial, we suggest to the plaintiff below that he amend his petition so as to allege that he is a resident of the state, the head of a family, and that the stock for which the corn is necessary is exempt to him under the statute.

The judgment of the district court will be reversed.

All the Justices concurring.