SARAH OWENS v. SOUTHERN RAILWAY COMPANY.

(Decided November 1, 1898).

*Verdict of Jury—Poll of the Jury.*

On a poll of the jury, the dissent of one is as fatal as that of all.

CIVIL ACTION for damages for personal injury tried before *Robinson, J.*, and a jury at June Term, 1898, of GUILFORD Superior Court.

Plaintiff offered evidence tending to prove that she was a passenger, on defendant's train, and that while alighting at High Point from the platform, the train gave a sudden jerk, and she fell and was badly hurt.

The answer alleged contributory negligence, and defendant offered evidence tending to prove it.

The jury responded "No" to the issue, as to whether the plaintiff by her negligence had contributed to her injury. Upon a poll of the jury, taken by leave of the Court upon this issue, one of the jury answered "*I think she was to blame in part.*" The juror was then asked—'Did you not consent in the jury-room that the answer to this issue should be '*No*'. He replied, I did.

The verdict was then received and recorded, and the jury separated—to which the defendant objected and the objection being overruled, excepted.

Judgment for the plaintiff and appeal by defendant.

*Mr. F. H. Busbee*, for defendant (appellant).
*Messrs. C. M. Stedman* and *L. M. Scott*, for plaintiff.

CLARK, J.: Any juror may dissent from a verdict, to which he has agreed in the jury room, at any time before it is received and entered up, and this is true

even of a sealed verdict. *Weeks* v. *Hart*, 31 N. Y., 181; *Root* v. *Sherwood*, 6 Johns N. Y., 68; *Rathbaner* v. *State*, 22 Wis. 468; *Bishop* v. *Mugler*, 33 Kan., 145; 2 Thomp. Trials, Section 2635.

In the present case, the verdict was rendered as to the second issue (contributory negligence) "No." Before it was entered and before the jury was discharged, the Court, at the request of defendant permitted them to be polled; whereupon one of the jurors responded to the second. issue, "I think she (plaintiff) was to blame in part." This was certainly not a response of "No." He was then asked if he had not consented in the jury room that the issue might be answered "No." To this he replied "I did."

It was error to permit the verdict to be received after the juror's dissent, in part at least, without ascertaining whether notwithstanding he adhered still to the assent given in the jury room. The force of this would be better seen if each of the jurors on being polled had responded as this juror did. On a poll of the jury each "tub stands on its own bottom," and the dissent of one is as fatal as that of all. Unanimity in the verdict of a jury is still required in this State, though abolished in some other jurisdictions, and the judge should have directed the jury to retire and consider further of their verdict. For the reception of the verdict under these circumstances over the objection of the defendant, there must be a new trial.

New trial.