## MATTICE v. MARYLAND CASUALTY CO.

(District Court, W. D. Washington, N. D.
April 17, 1925.)

No. 8619.

1. **Trial ⬅⮕321—Only verdict is that orally announced, received, and recorded.**

Only verdict is that which jury announces orally to the court, and which is received and recorded as jury's finding.

2. **Trial ⬅⮕339(4)—After discharge, jury cannot be reconvened.**

Jury, after being discharged from case, cannot legally be reconvened.

3. **New trial ⬅⮕143(1)—Juror cannot impeach verdict.**

Juror cannot impeach his verdict.

4. **New trial ⬅⮕57—Warranted where, immediately after filing of verdict, juror made it appear that on poll he dissented from verdict.**

Where immediately after announcement of verdict, poll of jury, filing of verdict, and separation of jury, it was made to appear to the trial judge that one juror, who agreed to verdict before it was signed, dissented therefrom at time jury was polled, motion for new trial for failure of jury to agree may be granted.

At Law. Action by M. B. Mattice against the Maryland Casualty Company, a Maryland corporation. On motion for new trial. *Motion granted.*

This is an action at law, in which a verdict in favor of the plaintiff was returned. After reading of the verdict, counsel for the defendant asked that the jury be polled. The jurors were thereupon instructed that those who favored the verdict should answer "Yes," and those opposed "No." The judge and clerk of the court understood all of the jurors to say "Yes," and it was ordered filed. Immediately the attorney for defendant stated, either that juror No. 12, Schmidt, answered "No," or he was advised said "No." The court again directed that Juror Schmidt be polled, and the juror responded "Yes" to the question propounded by the clerk, and the judge understood it was his verdict and ordered it filed. No protest, suggestion, or manifestation of any sort was made by Juror Schmidt that he was misunderstood by the court and that it was not his verdict.

Immediately after the jury was discharged from further consideration of the case, attorney for the defendant, accompanied by Juror Schmidt, approached the bench, and Juror Schmidt stated that he said "No," instead of "Yes," to the question whether it was his verdict; that the last question of the clerk was whether he said "No," and he said "Yes." All of the jurors, excepting Juror Woolley, who had been excused for several days, were in the courtroom awaiting call for the next case. The court thereupon directed that all of the jurors be assembled in the jury box, and Juror Woolley be notified to report. Upon the appearance of Juror Woolley, all the jurors being in the box and the parties present, the court asked Juror Schmidt: "Did you agree to this verdict at the time it was signed by the foreman, and before the jury separated on Sunday?" He stated: "I submitted; yes." To a further inquiry as to whether that was his verdict at the time it was signed by the foreman and sealed up, he stated: "In a sense it was, yes." To a further inquiry as to whether the jurors so understood it, he said: "Yes; but, your honor—" (He was interrupted by the court.) To a further inquiry he said: "When you put the question this morning that all those who were in favor of it say 'Yes,' and those who were opposed to it say 'No,' I answered 'No.' I said 'No.'" Juror Schmidt further stated that the other jurors understood he was in favor of the verdict at the time it was signed by the foreman, and further said "that I submitted to it." He later said: "I agreed; yes."

Counsel for the defendant asked that the juror be permitted to state whether he voluntarily agreed to this verdict, and whether he now agrees to this as his verdict. This was denied. The defendant objected to the reception of the verdict, insisting "that no legal or valid verdict has been returned, upon which a judgment can be entered." Counsel for the plaintiff stated the test to be: "Is this the verdict to which the jury agreed?" Objection of defendant was noted, the court stating that will be a matter for subsequent disposition by the court.

Clarence L. Reames and H. S. Frye, both of Seattle, Wash., for plaintiff.

John H. Powell and Stephen V. Carey, both of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] All the authorities agree that the only verdict is that which the jury announces orally to the court, and is received and recorded as the jury's finding. Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 44 L. R. A. 432; Section 2635, Thompson on Trials; Hyatt on Trials, § 827; Abbott, Trial Briefs, p. 535. While it was agreed between counsel that the jury, when it agreed upon a verdict, shall cause it to be signed by the foreman, and to be sealed, and return to the court at a stated time the determination, such verdict was not final.

In Scott v. Scott, 110 Pa. 387, 2 Atl. 531, the court said that where, on polling the jury, eleven jurors support the tendered verdict and one juror dissents, there is no verdict, and judgment cannot be entered thereon.

The court, in Lawrence v. Stearns, 11 Pick. (Mass.) 501, at 502, said: "If any one juror shall then express his dissent and persist in it, the verdict cannot be recorded."

The Supreme Court of New York, in Root v. Sherwood, 6 John. 68, 5 Am. Dec. 191, said: "There is no verdict of any force but a public verdict, given openly in court; until it was received and recorded, it was no verdict, and the jury had a right to alter it as they may a private verdict. The previous agreement, that the jury might seal up their verdict did not take away from the parties the right to a public verdict, duly delivered. There being, then, no legal verdict in this case, a new trial must be awarded. * * *"

Is the understanding of the trial judge as to the juror's answer that it is his verdict, which is likewise the understanding as shown by the affidavits of five or six persons including the foreman of the jury, and upon which understanding the verdict is received and filed and the jurors discharged in the case, final, if in fact it is immediately made apparent that the juror said "No" to the question whether "it is his verdict."

[2-4] I am satisfied that the jury could not be legally reconvened after being discharged from the case. It is likewise fundamental that a juror may not impeach his verdict. At the time of the reception of the verdict, and before discharge in the case, I was fully convinced and understood that Juror Schmidt said it is his verdict, and he did not protest this understanding when the announcement was made, and the verdict ordered filed and the jurors excused; but from the disclosures made immediately after the discharge of the jury I am satisfied that, while Juror Schmidt agreed to the verdict, and all of the jurors understood he so agreed, before it was signed by the foreman, I am not now satisfied, however, that he did not dissent from the verdict at the time that the jury was polled.

A "verdict" is not the verdict of a dissenting juror, and such juror would not be estopped, at the time and under the disclosed circumstances in this case, from stating the fact after the filing of the verdict upon such misunderstanding, unless the passive conduct and acquiescence of the juror estops him. I do not believe, from the circumstances in this case it would have that effect. No request was made by either party that the jurors be returned and directed to further deliberate. The jurors having separated after agreeing to the verdict, and thereafter reporting to the court, it is doubtful whether such a request would have borne any fruit; the objection being of substance and not of form. See Humphries v. Dist. of Col., 174 U. S. 190, 19 S. Ct. 637, 43 L. Ed. 944; Wright v. Wright, 114 Iowa, 748, 87 N. W. 709, 55 L. R. A. 261, and authorities above cited.

I think the motion for a new trial, upon the ground of the failure of the jury to agree, must be granted. Upon all other grounds urged it is denied. A formal order may be presented.

Other authorities cited and examined: Clark v. Read, 5 N. J. Law, 560; Henderson v. State, 12 Tex. 531; Moss v. State, 152 Ala. 30, 44 So. 598; Bowen v. Bowen, 74 Ind. 470; Grimes Dry Goods Co. v. Malcolm, 164 U. S. 483, 17 S. Ct. 158, 41 L. Ed. 524; Warner v. R. Co., 52 N. Y. 437, 11 Am. Rep. 724; Rigg v. Cook, 4 Gilm. (Ill.) 336, 46 Am. Dec. 462; Martin v. Morelock, 32 Ill. 485; Stewart v. People, 23 Mich. 63, 9 Am. Rep. 78; Bishop v. Mugler, 33 Kan. 145, 5 P. 756; Rigg v. Bias, 44 Kan. 148, 24 P. 56; Owens v. Southern R. Co., 123 N. C. 183, 31 S. E. 383, 68 Am. St. Rep. 821; Proffatt, Jury Trials, § 449.