CHARLES S. NORBURN AND WIFE, HELEN J. NORBURN v. PAUL E. MACKIE, RUTH M. MACKIE, AND HORACE J. ISENHOWER, SR.

(Filed 19 May, 1965.)

**1. Appeal and Error § 60—**

    Decision on appeal that the evidence is sufficient to be submitted to the jury is the law of the case and precludes nonsuit in a subsequent trial upon substantially the same evidence.

**2. Evidence § 19—**

    Where the parties admit that the transcript of the testimony of a witness at a former trial was correct and it is made to appear on the second trial that the witness lived some distance away, was in ill health, and was at least 65 years old, and the court finds that it would be detrimental to his health to make the witness appear, the ruling of the court admitting the transcript of his testimony will not be disturbed on appeal.

**3. Fraud § 12—**

    While the measure of damages for fraud is the difference between the value of the chose had it been as represented and its value at the time of transfer of title, where the parties admit that the chose, if it had been as represented, would be worth at least the purchase price, a charge that the

measure of damages was the difference between the purchase price and the fair market value at the time of transfer of title cannot be prejudicial.

**4. Appeal and Error § 40—**

A new trial will not be awarded for mere technical error which could not affect the result.

**5. Trial §§ 39, 45—**

Where, upon a poll of the jury, it is ascertained that the jury had failed to reach a unanimous verdict as to one issue, the court cannot accept the verdict, but the court, in the exercise of its discretion, properly directs the jury to deliberate further, and, upon the jury's subsequently reaching a unanimous verdict, properly accepts such verdict.

APPEALS by defendants from *Clarkson, J.,* November 9, 1964 Civil Session of BUNCOMBE.

This action for damages is based on fraudulent representations made by defendants to induce plaintiffs to purchase land in Ashe County. It was first tried in September 1963. Plaintiffs then appealed from a judgment of nonsuit, entered at the conclusion of their evidence. That judgment was reversed at the Spring Term 1964 of this Court. See *Norburn v. Mackie,* 262 N.C. 16, 136 S.E. 2d 279.

On the trial had in November 1964, the jury found plaintiffs were induced to purchase by fraudulent representations of defendants. It fixed plaintiffs' damage at $18,000. Judgment was entered on the verdict. Defendants appealed.

*Williams and Pannell for defendant appellants Paul E. Mackie and Ruth M. Mackie.*
*Sigmon and Sigmon for defendant appellant Horace J. Isenhower.*
*Williams, Williams and Morris for plaintiff appellees.*

PER CURIAM. The Court properly overruled the motions for nonsuit. The evidence on the first trial, in support of plaintiffs' claim, is stated in the opinion reported 262 N.C. 16, 136 S.E. 2d 279. The evidence at the second trial was, in all material respects, the same. The conclusion reached on the first appeal that plaintiffs "are entitled to have their case submitted to a jury" is the law of the case. If appellants thought the prior opinion wrong, their remedy was by petition to rehear, not by appeal from a refusal to nonsuit on a second trial with substantially the same evidence.

Lawrence Tyson, a resident of Ashe County, testified at the first trial. He was subpoenaed but was not present when the case was called for trial in November 1964. Plaintiffs offered as evidence Tyson's testimony given at the first trial. To support their right to use this evidence, they relied on these facts: (1) The distance from Jefferson,

Tyson's home, to Asheville is in excess of 100 miles; (2) Tyson testified at the first trial that he had served as a surveyor in France during World War I, hence it could be reasonably inferred that Tyson was at least 65 years of age; (3) an affidavit by Dr. Miller, Tyson's physician, stating in detail Tyson's physical condition. Judge Clarkson found: "Lawrence B. Tyson had a total gastrectomy on February 11, 1964 for a milignancy [*sic*] of the stomach; that he has to have frequent meals about six a day since this time, and has to lie down for awhile after each meal, and that it would be detrimental to his health to have to make the trip to Asheville to appear as a witness."

Based on his findings, Judge Clarkson concluded the testimony given by Tyson at the prior trial, stenographically taken and stipulated to be a correct transcript of his evidence, was competent. His ruling is assigned as error. The Court's findings and conclusions are amply supported by the evidence. These findings, supplemented by the stipulation relating to the accuracy of the testimony, justify the Court's ruling and the admission of the testimony in evidence. *Settee v. Electric Railway,* 171 N.C. 440, 88 S.E. 734. The facts found would permit the use of a deposition, G.S. 8-83(4).

Plaintiffs purchased 696 acres, relying on representations that 500 acres of this area were improved pasture land, growing clover, fescue and blue grass. The parties do not disagree that $65.00 per acre was a fair price for improved pasture of the kind represented. The remaining area had substantially less value per acre than improved pasture land. The crucial question involved in the issue relating to damages was: How much of the land was in fact improved pasture? If, in fact, it contained 500 acres of improved pasture, as defendants represented, it was worth the amount plaintiffs paid, and by defendants' evidence worth more than that amount. If it had less than 500 acres of improved pasture, the value was less than the purchase price. The evidence of plaintiffs tended to show the improved pasture land did not exceed 108 acres. In addition to this, there were 68 acres of unimproved land that could be put to pasture, and 490 acres of so-called "woods land."

The Court charged that the measure of damage was the difference between the contract price and the fair market value of the property conveyed. Defendants assign this charge as error. Normally, the rule to measure damage in fraud cases is, as defendants contend, the difference between the value, as represented, and the value of the property conveyed. *Horne v. Cloninger,* 256 N.C. 102, 123 S.E. 2d 112. Here, the distinction between the rule as given and the rule contended for by defendants is a mere play on words. Defendants did not contend, nor did they offer any evidence to show, that the land would be worth less than the purchase price if it contained the full 500 acres of improved pasture.

To the contrary, their evidence tended to show that the property, if as represented, had a value in excess of the purchase price. New trials are not awarded because of error alone. The error must prejudicially affect the complaining party. 1 Strong's N.C. Index 115.

The trial was completed and the case submitted to the jury in the forenoon. The jury was unable to reach a verdict before the noon recess. When the jury returned for further consideration of the issues, the Court, at the jury's request, restated the rule to measure damages. About an hour and a half thereafter, the jury informed the Court it was ready to report its verdict. The jury was brought in. The issues and answers were read by the Clerk. The issues, as read, were favorable to plaintiffs. Defendants asked for a poll of the jury. When polled, it became apparent the jury was not in agreement with respect to the third issue. Thereupon the Court informed the jury that all the jurors had to agree on the answer to each issue. It directed the jury to return to its room "and see if you can arrive at a unanimous verdict as to Issue No. 3." The jury retired, and thereafter reported that it was in agreement with respect to the issues. The verdict as then announced was accepted by the Court.

The Court could not accept as a verdict the answers to the issues when it affirmatively appeared that there was no agreement with respect to the third issue. *Owens v. R. R.*, 123 N.C. 183, 31 S.E. 383. The Court was empowered, in the exercise of its discretion, to direct the jury to return to its room for further consideration of the issues. *Baird v. Ball*, 204 N.C. 469, 168 S.E. 667. The jury did reach an agreement and reported to the Court. The response which the jury then gave to the issues was accepted as its verdict. There is nothing in the record to indicate an abuse of discretion.

No error.