## LEVERETT v. ST. LOUIS, S. F. & T. RY. CO.
### (No. 9181.)

(Court of Civil Appeals of Texas. Dallas. Nov. 22, 1924. Rehearing Denied Dec. 20, 1924.)

1. Negligence ⬤⟞142—Findings damages attributable to contributory negligence were equal to those attributable to defendant's negligence held violative of statute and contradictory.

Findings that defendant railroad was negligent, and that such negligence was proximate cause of injuries to extent of $1,000, and that plaintiff was contributorily negligent, and that $1,000 was amount of damages proximately caused by such contributory negligence, *held* contradictory and violative of R. S. art. 6649, declaring contributory negligence should not defeat, but merely diminish, recovery in proportion to amount of negligence attributable to employé.

2. Trial ⬤⟞229—Improper repetition in submission of issue of contributory negligence held not alone reversible error.

Giving of special requested charge, submitting issue of contributory negligence already sufficiently submitted, *held* an improper repetition, though not alone reversible error.

3. Trial ⬤⟞325(2)—Refusal of court to poll jury in strict conformance with statute held error.

Refusal of court, in polling jury, to inquire of each juror if the verdict as read was that juror's verdict, in strict conformance with Rev. St. art. 1979, *held* error.

4. Trial ⬤⟞114—Act of counsel, in inquiring before jury if plaintiff would submit to examination of injured foot before jury, held not reversible error.

Act of defendant's counsel, in inquiring, in presence of jury, if plaintiff would permit medical witness then testifying to examine injured foot in presence of jury, *held* not misconduct constituting reversible error.

Appeal from District Court, Grayson County; Silas Hare, Judge.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Eunice Leverett, by next friend, against the St. Louis, San Francisco & Texas Railway Company. Judgment for defendant, and plaintiff appeals. Reversed, and remanded for new trial.

Randell & Randell, of Sherman, and Oscie Speer, of Fort Worth. for appellant.

Goree, Odell & Allen, of Fort Worth, and Freeman, McReynolds & Hay, of Sherman, for appellee.

JONES, C. J. This appeal is duly perfected by appellant, Eunice Leverett, from an adverse judgment entered on the findings of a jury on special issues on the trial of the case. The suit was filed in the district court of Grayson county by appellant, through his next friend, to recover damages for personal injuries received while he was in the employ of appellee, the St. Louis, San Francisco & Texas Railway Company in the capacity of a section hand. At the time of the injury appellant was engaged, with other employés of appellee, in the work of unloading a gravel train on appellee's railway. On the occasion of the injury appellant was directed by the foreman in charge of the work to cross from one side of the gravel train to the other. An engine was attached to this gravel train, and at short durations of time, and as the work of unloading demanded, the train was moved over short distances. When appellant received the said order from appellee's foreman he attempted to pass between two cars, when the train, without warning to him, was moved, and he was injured by having a foot caught between the cars, the injury necessitating amputation of a toe on the injured foot.

In his petition appellant alleged that the injury was caused by the negligence of appellant, its agents and servants in charge of the gravel train, in that, as appellant attempted to cross between the cars in obedience to the order of his foreman, the train was suddenly moved, without warning to him, and contrary to the way in which the movement of the train was usually had.

Appellee defended, on the ground that the injury to appellant resulted from assumed risk, and, further, from his own negligence as the sole proximate cause of the injury, and, in the alternative, that the injury was the result of an accident. The evidence on some of the material issues raised by the pleadings was conflicting, and, from the verdict of the jury on the special issues submitted, we find that appellee's employés in charge of the movements of said gravel train were guilty of the negligence alleged against them, and that such negligence was the proximate cause of appellant's injury; that appellant was guilty of contributory negligence when, in attempting to pass between the cars on the occasion of his injury, he placed his foot on the drawbar between the cars just before the train moved; and that this negligence on his part contributed to his injury.

Appellant has duly presented to this court the following issues for determination: (1) That the findings of the jury on the special issues are so conflicting and contradictory that the trial court should have set them aside and granted a new trial; (2) by giving requested instructions of appellee on the issue of appellant's contributory negligence, the trial court unduly emphasized this issue before the jury, because this issue had been fully and fairly submitted by the court in the main charge: (3) that the finding of the jury, in reference to the amount of damages appellant suffered by reason of his injury, was arrived at by misconduct and deception of the jury, growing out of a misunderstanding of the issues, and was therefore not the verdict of the entire jury; (4) that, upon the return of the verdict of the jury setting out the findings on the special issues submitted, appellant was denied his requested poll of the jury in compliance with the statute providing for such poll; (5) that, while a medical witness for appellee was testifying to the jury in the trial of the case, appellee's attorneys, in the presence of the jury, asked the appellant and counsel for appellant if they would permit the said medical witness to examine appellant's foot in the presence of the jury, and this was such misconduct on the part of such counsel as requires a reversal of this case.

In line with his theory that the findings of the jury were so contradictory within themselves as that a judgment could not be entered thereon, and also on his theory of the misconduct of the jury, appellant duly filed a motion to set aside the findings of the jury, setting out very fully his contentions in this respect. This motion was overruled, and appellant reserved his exceptions thereto. Appellee did not assent to either of appellant's said theories, contesting both of them before the trial court, and duly filed its motion for judgment on the findings of the jury. This latter motion was granted, and judgment entered in favor of appellee, that appellant take nothing by reason of his said suit. These contentions of appellant will be discussed in the order above named.

Are the findings of the jury contradictory? Those findings that relate to this question are: (1) While appellant was in the act of going beween two cars in one of its gravel trains, appellee caused said train to move and thereby injured appellant, without a warning having been first given that said train was about to be moved; (2) that appellee was guilty of negligence in so moving said train; (3) that this negligence was the proximate cause of appellant's injuries; (4) that the present payment of the sum of $1,000 will fairly compensate appellant for the physical and mental pain he has suffered, the

physical and mental pain he will suffer in the future, and the lessened capacity to labor and earn money after he has arrived at the age of 21 years, as a result of his injuries; (5) appellant was guilty of contributory negligence in going between the cars at the time and in the manner he did; (6) that such contributory negligence was the proximate cause, in whole or in part, of appellant's injuries; (7) that $1,000 is the amount of the damages proximately caused by such contributory negligence.

It will be noted that the jury placed the entire damages suffered by appellant at the sum of $1,000, and also placed the sum of $1,000 as the amount of this damage that should be charged to the contributory negligence of appellant. The question, submitting to the jury the issue of contributory negligence, is framed as it should have been, so as to permit the jury to find that appellant's contributory negligence was the sole proximate cause of his damages, or was the proximate cause of only a part of said damages. The finding of the jury can only be construed to the effect that the entire damages suffered by appellant resulted solely from his contributory negligence. No other effect can be given the finding of the jury, in answer to special issues 6 and 7, than that appellee is entirely absolved from blame, and that appellant alone is guilty of the acts and conduct that resulted in his injury. The jury could only consistently have expressed this conclusion by having theretofore made the finding, in response to special issue No. 2, that appellee was not guilty of negligence in causing the train to be moved without warning while appellant was crossing over between two of its cars; or that, in response to special issue No. 3, if such act was negligence, it was not the proximate cause of appellant's injury. In no other manner could the jury have made the findings on special issues Nos. 1, 2, and 3 harmonize with the findings on special issues Nos. 6 and 7. When the jury found, in response to special issues Nos. 1, 2, and 3, that appellee was guilty of negligence, and that this was the proximate cause of appellant's injuries, it determined that responsibility for the damages resulting to appellant from his injuries rested upon appellee. When the jury found, in response to special issues Nos. 5 and 6, that appellant was guilty of contributory negligence, and that this was the proximate cause of his injury, it likewise determined that responsibility for appellant's resulting damages rested upon him. The legal effect of these findings is that appellant's damages resulted from injuries occasioned by the concurring negligence of himself and appellee. Article 6649, Revised Statutes, says that such condition shall not bar a recovery from the employer for damages thus occasioned, but that the amount of recovery "shall be diminished by the jury in proportion to the amount of negligence attributable to such employé."

[1] The jury, in response to special issue No. 4, fixed the amount of the damages suffered by appellant on account of his injuries at the sum of $1,000. It became their statutory duty to make a finding, in response to special issue No. 7, of a sum of money that would represent the portion of the said $1,000 that was attributable to appellant's negligence. Manifestly, this finding should not be placed at a purely nominal sum, for this would defeat the spirit of the statute whose mandate is that the damages shall be diminished, and this would not be effected by the finding of a merely nominal sum as being the portion attributable to the employé. It is likewise manifest, and for the same reason, that this finding should not be for a sum that would only permit a judgment for the employé in a mere nominal sum. The jury's finding on the amount of damages attributable to appellant's negligence violates this article of the statute in two particulars: In that it finds a sum in such an amount that does not diminish, but completely destroys, the amount of damages resulting from appellant's injuries; and does not permit, but bars, a recovery because of his contributory negligence.

We are therefore of the opinion that the jury's findings on the negligence of appellee and the contributory negligence of appellant are contradictory, and did not form any basis for the judgment entered in this case. Article 6649, Revised Civil Statutes 1911; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Kahn v. Cole (Tex. Civ. App.) 227 S. W. 556; Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367; Humble Oil Co. v. Strauss (Tex. Sup.) 243 S. W. 528; First National Bank v. Rush (Tex. Com. App.) 246 S. W. 349.

In addition to special issues Nos. 5 and 6, in the court's main charge submitting the issue of contributory negligence of appellant, the court gave, at the instance of appellee, the following specially requested issues on contributory negligence:

Special issue No. 1. Did the plaintiff, when he attempted to pass between the cars on the occasion in question, place his hands, one on each of said cars, and swing his foot or feet up, placing the same on the drawbar or bars between said cars?

Special issue No. 2. Was the plaintiff guilty of negligence, as defined in the court's charge, in so placing his hands and feet when he attempted to go between the cars?

Special issue No. 3. Did such negligence, if any, proximately cause or contribute to plaintiff's injury?

To each of these questions the jury returned an affirmative answer. In view of the court's main charge on the issue of contributory negligence, did the giving of this special

charge place undue emphasis on the issue of contributory negligence? Appellee made the general charge in its answer that appellant's own negligence was the cause of his injury, and alleged such negligence to consist—

"in plaintiff, without any fault on the part of defendant, going in between the cars in question, placing his foot thereon, without giving any notice to any of the employés of defendant that he was about to enter upon said cars or place his feet on same, and plaintiff negligently and carelessly put his feet on the drawbars of said car and put himself in a place of danger, which was the occasion, and the direct and proximate cause, of his injury."

[2] It is thus seen that appellee charged but one act of negligence on the part of appellant, to wit, in going between the cars and putting himself in a place of danger by placing his feet on the drawbars of the cars while he was between them. This one issue of contributory negligence was succinctly and fully submitted to the jury in special issue No. 5. As submitted to the jury, this issue read:

"Was the plaintiff guilty of contributory negligence, as that term has been defined, in going between the cars at the time and in the manner he did?"

This directed the jury's attention to every phase of the issue of contributory negligence, as requested by appellee in the special charge. To the submission of special issue No. 5 appellee made no objection. It did, however, request the said special charge, submitting the same issue in the manner as shown by this charge. This was a repetition that the court ought not to have permitted. It is not, however, every repetition that calls for a reversal of a cause, and we would hesitate to reverse this case upon this error alone. However, we suggest that, in view of another trial of the case, there be but a single submission of the issue of contributory negligence.

We do not believe the record sustains the third assignment of error, to the effect that the verdict of the jury, in reference to the amount of damages, was arrived at by misconduct and deception. All the evidence in reference to this assignment of error came from jurors on motion for new trial, and it is not sufficient to bring it within article 2021, Revised Statutes 1911, which permits a court to hear evidence of jurors on motion for new trial:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of same, or because of any communication made to the jury, or because the jury received other testimony."

As there will not likely occur a repetition of those things which formed a basis for this assignment of error at another trial of this case, it is not deemed necessary to further discuss this assignment.

[3] We believe that appellant's assignment of error, to the effect that he was denied his request for a poll of the jury in the manner provided by the statute, should be sustained. The record discloses that when appellant made this request the court attempted to poll the jury. Only, however, as to two members of the jury did he conform to the manner provided by article 1979 for the polling of a jury, by inquiring of each juror if the verdict as read is the juror's verdict. The question propounded by the court, except as to the two said jurors, only required the juror to answer if he agreed to the verdict when same was signed. It is made clear from the record that one of the jurors, if asked the statutory question, would have answered that same was not his verdict at the time the poll was made. Appellant objected to the manner in which the jury was being polled, and requested a strict conformance to the statutory manner of polling the jury. This was denied, and in so doing, the court committed error.

[4] We have carefully examined the assignment of error in reference to the alleged misconduct of counsel for appellee in the demand they made, in the presence of the jury, that their medical witness be permitted to examine appellant in the presence of the jury, and do not find that the proceedings in reference thereto constituted reversible error, for which reason this assignment is overruled.

For the errors above mentioned, it is the opinion of this court that this case should be reversed, and remanded for another trial, and it is so ordered.

Reversed and remanded.