**WELLS et al. v. LONE STAR S. S. CO.**
(No. 3464.)

Court of Civil Appeals of Texas. Texarkana. Dec. 14, 1927.

Rehearing Denied Jan. 5, 1928.

1. Appeal and error ⚖══664(2)—Where bystander's bill of exception and bill qualified by trial court differed as to form of request to poll jury, appellate court accepted court's version.

Where bystander's bill of exception and court's qualification to appellants' bill assigning error for refusal to poll jury differed as to the form of appellants' request, appellate court accepted trial court's version as correctly stating the facts and the ruling, since the trial court was in a better position to understand the phraseology of the request than were laymen.

2. Trial ⚖══325(1)—Granting or refusing request to poll jury does not rest in court's discretion but is matter of right (Rev. St. 1925, art. 2206).

Under Rev. St. 1925, art. 2206, providing that either party shall have the right to have the jury polled, party may have jury polled as matter of right, and granting or refusing request is not discretionary with the trial court, but denial of timely request therefor is reversible error.

3. Trial ⚖══325(1)—Parties may have jury polled when verdict is special as well as when it is general (Rev. St. 1925, arts. 2202, 2206).

Rev. St. 1925, art. 2206, giving to either party the right to have jury polled, applies when the verdict is on special issues as well as when there is a general verdict, in view of article 2202.

**4. Trial ⟫325(1)—In polling jury, inquiry is restricted to asking each juryman if verdict as whole is "his verdict" (Rev. St. 1925, art. 2206).**

In polling jury under Rev. St 1925, art. 2206, the inquiry to each juryman is expressly restricted to asking him if the verdict is his verdict, and it is not permissible to question the jurors as to their understanding of special issues; words "his verdict" in statute, as applied to special issues, meaning the deliberate conclusion of each juror on each fact in issue submitted for decision.

**5. Trial ⟫325(1)—Right to have jury polled may not be refused merely because of form of request (Rev. St. 1925, art. 2206).**

Parties' right to have jury polled, under Rev. St. 1925, art. 2206, may not be legally refused upon timely motion to poll merely because of the form of the request.

**6. Trial ⟫325(1)—Motion to have jury polled as to certain special issues only held substantial compliance with statute giving parties right to have jury polled (Rev. St. 1925, art. 2206).**

Motion to have jury polled as to certain special issues only *held* substantial compliance with Rev. St. 1925, art. 2206, providing that either party has the right to have the jury polled, since such statute provides no special form of request for polling where case has been submitted on special issues.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Suit by Emma D. Wells and others against the Lone Star Steamship Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

George L. Wells was a stevedore, and he was killed, as alleged in the petition, by falling from the deck or from the ladder leading from the deck of the steamship South Seas. His widow brought the suit to recover damages, alleging negligence on the part of appellee proximately causing the death. The case was submitted to the jury upon special issues of negligence, contributory negligence, assumed risk, and amount of damages. The jury, after retiring, returned into court their answers to the respective issues submitted, finding negligence as alleged, that the deceased was guilty of contributory negligence, that the deceased assumed the risk, and amount of damages. In keeping with the finding of the jury upon assumed risk, the court entered judgment for the defendant company.

This appeal is presented upon the one point that the court erred in refusing the appellants' request to have the jury polled and in receiving the verdict and discharging the jury without being polled over objections of the appellants. The jury returned their verdict into court, and the questions and answers were read aloud by the court. Thereupon the appellants' attorneys requested that the jury be polled. The request was overruled, and the jury were discharged. The verdict was filed, and judgment was subsequently entered thereon. The appellants objected to the motion of appellee for judgment on the jury verdict and made timely motion for new trial because of the overruling of the request for the polling of the jury. The record reflects the proceedings herein stated. The order of the court reads:

"It is further ordered by the court that the plaintiff be and she is hereby allowed 90 days from and after the adjournment of the present term of this court within which to prepare and file statement of facts and bills of exception."

The term of the court finally adjourned on February 1, 1927. On April 27, 1927, and within the 90 days' order, the appellants presented to the trial judge for his approval a bill of exception reciting, as material to state, that:

"The jury having retired to consider their verdict and answers to special issues, and returned into open court their answers thereto, the following took place: The court having read out the answers of the jury to the special issues, the counsel for the plaintiff, in open court and before the jury were discharged, and while the jury were at the bar, addressed the court as follows: 'Your honor, we move that the jury be polled.' Thereupon the judge said, 'What is the matter with the verdict?' To which the counsel for the plaintiff replied, 'Your honor, I do not believe the jury understands their answers to special issues Nos. 12, 13, and 15.' "

The bill further states that the judge denied the request, and that the jurors were not asked if each answer so made was their individual answer, and that the verdict was filed by the court. The court wrote at the foot of the bill of exception and officially signed the following:

"I refuse to sign this bill of exception for the following reasons: No ruling was made by the judge of this court on the polling of the jury on all the issues submitted. The court refused to poll the jury on the three special issues 12, 13, and 15. The docket reflects the motion as made by plaintiffs' attorney and submitted by him before a ruling was made."

This bill with the above correction or qualification by the judge was by the clerk of the court marked, "Filed April 27, 1927." The following order appears in the record and is the one referred to in the court's statement:

"On this day, January 4, 1927, in the above entitled and numbered cause came on to be heard the plaintiff's motion that the jury be polled as to their verdict on special issues Nos. 12, 13, and 15 submitted to them by the court; and the court, having heard said motion, is of the opinion that same should be refused and overruled. To which action of the court in refusing and overruling said motion the plaintiff then and there excepts."

January 4, 1927, was the day the jury returned their verdict into court. The plain-

tiffs' attorney, being dissatisfied with the correction or qualification of the judge, procured and filed on "April 30, 1927," within the date of the 90-day order, a bystander's bill duly signed by three citizens. The bill is to the effect that the plaintiffs' counsel made a request "that the jury be polled," as stated in the body of the bill presented and signed by the judge. The bystander's bill was not controverted by appellee.

Geo. G. Clough, M. E. Clough, and Thomas C. Turnley, all of Houston, for appellants.

Mart H. Royston and Royston & Rayzor, all of Galveston, for appellee.

LEVY, J. (after stating the facts as above). [1] The assignment of error is to the effect that the court erred in refusing the request to have the jury polled. In view of objections made by appellee to the consideration of the bills of exception on which the assignment is based, the preliminary question arises of whether it can be said that the record evidences that the appellants made proper timely request to have the jury polled, and that such request was denied by the court. A bystander's bill of exception appears in the record in due form, reciting to the effect that the appellants' attorney made a timely request "that the jury be polled," as stated in the body of the bill presented to the judge for approval and signing. This bill of exception was duly filed within the 90-day order of the court, and was not controverted, as authorized by the statute, by the appellee. Looking alone to that bill of exception, it would fully appear that the appellants' attorney made timely request "to have the jury polled," meaning as to their verdict on all the issues submitted. There also appears as a part of the record, and referred to by appellants, a bill of exception officially signed by the judge and filed by the clerk presenting the matter as, in the opinion of the trial court, it actually occurred. The difference between the two bills is merely as to the form of the request made to the court. The bystander's bill recited that the request made was in the form, namely, "to have the jury polled" as to their verdict. The court's bill recites that the request made was in the form, namely, "to poll the jury on the three special issues 12, 13, and 15." Both agree that there was a refusal by the court to poll the jury upon the request as made. The judge's indorsement on the bill of exception presented to him was, in purpose and intention, a qualification and correction of the facts and the ruling made by the court as stated in the body of the bill presented to him. That was the effect of the recitals therein. There was no refusal on the part of the judge to give any bill of exception at all, and such effect may not reasonably be given to the bill signed and filed. Both of the bills of exception are regular, and either one of them may be regarded as evidencing the pro-

ceeding upon which the assignment of error is based. We therefore, in determining the assignment of error, are inclined to regard the court's bill of exception as correctly stating the facts and the ruling of the court relating to the proceeding, and do so regard it. The court was in a better position to understand the phraseology of the request than were laymen, and there is every indication that the trial court acted fairly and in utmost good faith.

[2] The statute provides that:

"Either party shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if it is his verdict. If any juror answer in the negative, the jury shall be retired for further deliberation." Article 2206, R. S.

[3] Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned, and fully assents thereto. Unanimity of the verdict, freely assented to, is the principle involved. Such statute is treated as a matter of right to the party in suit, and not one resting wholly in the discretion of the trial court. Hancock v. Winans, 20 Tex. 320; Leverett v. St. Louis, S. F. & T. R. Co. (Tex. Civ. App.) 266 S. W. 589; State Life Ins. Co. v. Postal, 43 Ind. App. 144, 84 N. E. 156, 1093. And, being a statutory right in benefit of the parties, the denial thereof, upon timely request, becomes error, as conceded, requiring reversal of the judgment. That this article includes special issues as well as a general verdict is manifest, and is conceded by appellee. For the statute expressly provides for two classes of verdicts, namely, "a general verdict * * * whereby the jury pronounces generally in favor of one or more parties to the suit," and "a special verdict * * * wherein the jury finds the facts only on issues made up and submitted to them under the direction of the court." Article 2202, R. S.

[4-6] The pertinent question, then, arises of whether, because the motion requested to have the jury polled as to special issues on less than the whole verdict, such motion would be a wholly insufficient compliance with the statute. That depends upon the terms of the statute. The "right" to the party, as conferred by the statute, is, without limitation or condition, "to have the jury polled." The inquiry of the jury is expressly restricted to "asking him if it is his verdict." And, as must be observed, it is not permissible to go further and question the jurors as to their "understanding of the questions and answers." Hermann v. Schroeder (Tex. Civ. App.) 175 S. W. 788. The term "his verdict," as applied to a series of special issues, means, in the more extended sense, the deliberate conclusion of each juror upon each fact in issue submitted for decision. And, of course, as applied to the authority of the court to enter final judgment, his judgment

must be founded upon all the issues and in accordance therewith. Such general words contemplate that the jury be polled upon the whole verdict. Ordinarily, such words would be so applied with propriety. But the mode of polling as to special issues is not undertaken to be pointed out in the article, namely, of whether the jury be polled en masse as to the answers, or whether each finding separately, or a specific answer only, be inquired about. .There are no negative words forbidding the following of any one of the modes mentioned. It is believed, therefore, that the right "to have the jury polled" may not be legally re- fused upon timely motion to poll merely be- cause of the form of the request. The motion should be regarded as in substantial compli- ance with the statute of request "to have the jury polled," and the right should not be de- nied merely for form, the statute providing no special form of request for polling. The form of request of the parties would not be a limitation upon the court's authority.

The judgment is reversed and the cause re- manded.