F. M. WHEELER, Appellant,

v.

Hon. W. J. OXFORD, District Judge, et al., Appellees.

No. 3413.

Court of Civil Appeals of Texas.

Eastland.

July 25, 1959.

---

M. Hendricks Brown and Walter E. Jordan, Fort Worth, for appellant.

J. Roy Creighton, Mineral Wells, A. E. Zellars, Weatherford, for appellees.

## PER CURIAM.

This is a mandamus suit in which F. M. Wheeler, relator, seeks to compel the Honorable W. J. Oxford, District Judge of the 29th District Court of Palo Pinto County, to enter judgment for the relator.

The facts in this case are set forth in a certificate of the district judge and are not disputed and may be summarized as follows: Ruth Donaldson had filed suit against R. M. Wheeler seeking damages for personal injuries sustained in an automobile collision. The jury received the case at approximately 3 o'clock p. m. and reported near midnight and informed the court that they could not reach a verdict. After examining the charge the court found several of the special issues were unanswered, some in the first part of the charge, some in the middle and some toward the end. The judge noticed marginal notations to the right of almost all issues made in pencil indicating numbers for and against the issues. Before sending the jury back to deliberate on their verdict, the court called several of the jurors by name and asked them what they thought about the possibility of their agreeing upon answers to the issues. Most of them replied that they did not think they could

agree, but if the court wanted them to do so, they would try again.

The jury reported again in about an hour and the foreman informed the court there had been no change and that the jury was hopelessly deadlocked and had been unable to agree. Since the jury informed the court that they could not agree, the court did not receive the verdict. Before discharging the jury and declaring a mistrial, both parties through their attorneys consented to the action of the court in discharging the jury and declaring a mistrial. Having been informed by the jury that they could not agree on a verdict and both parties through their attorneys having given their consent to the jury's being discharged and a mistrial granted, neither side had an opportunity to poll the jury because the court did not receive the verdict.

Rule 289, Texas Rules of Civil Procedure, provides that the court is authorized to discharge the jury "when they cannot agree and both parties consent to their discharge, or * * *." The certified copy of the court's charge and verdict filed herein reveals that special issue number 13, which asked whether the plaintiff, Donaldson, failed to keep a proper lookout, was answered "yes". Special issue number 14, which asked whether the plaintiff's failure to keep a proper lookout was a proximate cause of the collision was answered "yes". At another page in the certified copy of the court's charge and verdict, we find notations "Wheeler" and "Donaldson" in two separate columns. Under the name Wheeler we find the word lookout with the word "no" to the right thereof and under lookout we find the word proximate and the word "yes" to the right thereof. A line has been drawn through the words lookout and no and proximate. Under Donaldson's name we find the word lookout and opposite the word lookout we find the word "no"; underneath the word lookout we find the word proximate and opposite proximate we find the word "yes". A line has been drawn through the words lookout and no and proximate and yes un-

der Donaldson's name. These notations could indicate that the jury did not find Donaldson guilty of failure to keep a proper lookout, yet their answers to issues 13 and 14 would indicate otherwise, unless the penciled notations referred to by the judge when he first saw the verdict would prove otherwise.

█ No special form of verdict is required and no verdict shall be rendered in any cause except upon the concurrence of all members of the jury trying the case. Rule 291, R.C.P. "A verdict does not become an official act, that is, an act effective in law, until same has been received and accepted by the court. Before this time and up to the time of its tender for acceptance any juror may dissent therefrom." Lee v. Galbreath, Tex.Civ.App., 234 S.W. 2d 91, 95. Both parties had the right to know of each juror when they returned to the court room to publish their verdict whether each concurred in the answers shown on the verdict. When the jury returned to the court room in this case they, through the foreman, informed the court and counsel for both parties that they had been unable to reach a verdict and were hopelessly deadlocked. None of the jury were asked or stated that they agreed either to the answers that appeared opposite special issues 13 and 14 or the answers to the lookout question set forth under the name of Donaldson on a separate sheet in the certified copy of the verdict. If this jury had been interrogated about the answers to the special issues and one of their number had dissented, the judge could not have accepted the verdict and rendered a judgment thereon. It is the right of a party to have the jury interrogated by the court to determine, not whether it was their verdict when they were in the jury room deliberating, but whether it is their verdict and the verdict of all of them when it is published by them in open court. "Ordinarily a verdict must be affirmed by the jury in open court and their finding is not a verdict until so affirmed." 89 C.J.S. Trial § 487, p. 144. "The rule of law is

well established that a verdict is of no force and effect unless it is affirmed by the jury in open court." Bryan v. Manchester, 111 Neb. 748, 197 N.W. 425, 426. The relator relies upon Barker v. Weingarten Riverside Co., Tex.Civ.App., 232 S. W.2d 692, as his principal authority in support of his application for mandamus. The Barker case is clearly distinguishable from the present case in that the facts in the Barker case show that the members of the jury were in complete agreement as to the answers which they had made and so stated to the court in the court room.

If this court compelled the district judge to enter judgment for the relator upon this "verdict", it would be depriving the plaintiff of the right to poll the jury. Watchtower Mut. Life Ins. Co. v. Davis, Tex.Civ. App., 99 S.W.2d 693.

█ A writ of mandamus will not lie to control judicial or discretionary actions. First National Bank of Rule v. Chapman, Tex.Civ.App., 255 S.W. 807; Houston Fire & Cas. Ins. Co. v. Gerhardt, Tex.Civ.App., 281 S.W.2d 176. It has not been conclusively established that the verdict was unanimously agreed upon by the jury.

█ The jurors said, through their foreman, in open court in the presence of counsel for both sides, that they had not arrived at a verdict. The court, with the consent of both, thereupon discharged the jury and declared a mistrial. Afterwards, defendant's counsel saw that there was written into the form for a verdict answers which in a verdict duly rendered and tendered by the jury and accepted by the court would have compelled a judgment for the defendant. Based thereon, the defendant seeks to compel the district judge to render judgment for him. The defendant has the burden of showing conclusively the existence of a situation that required rendition of such a judgment as a ministerial act. It is not conclusively established that such answers were intended by all the jurors as their verdict or as their unanimous and final answers to said controlling questions, nor that they ten-

dered same as their verdict or that the court received it as such. The jurors said that they had not arrived at a verdict. The court took them at their word and discharged them because they could not reach a verdict. The court did not receive nor accept said answers as their verdict.

The relator's application for writ of mandamus is refused.