**STATE of Texas, The State Highway Department and Bexar County, Texas, Relators,**

v.

**Hon. Delos FINCH, Judge of the 73rd Judicial District Court of Bexar County, Texas, and Remi Aelvoet and Wife, Maria Aelvoet, Respondents.**

No. 13920.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 27, 1961.

Will Wilson, Atty. Gen., Raymond W. Weber, L. P. Lollar, Asst. Attys. Gen., Charles J. Lieck, Jr., Dist. Atty., L. J. Gittinger, Asst. Dist. Atty., San Antonio, for appellants.

Max N. Clifton, E. G. Bradley, San Antonio, for appellees.

POPE, Justice.

We are asked to grant a mandamus ordering the trial judge to enter judgment upon a verdict which was returned in open court and received by the court. The trial court received the verdict and discharged the jury, but granted a motion for mistrial filed several days later. The mandamus is proper.

Remi Aelvoet and wife, respondents, with the State's permission, sued the State, Bexar County, and the State Highway Department, relators. The suit was for the recovery of damages to their property. The court submitted two issues, and the jury answered both of them. Upon the basis of the answers, the Aelvoets would recover no damages. On July 18, 1961, the jury returned the verdict. It was complete on its face, was signed by the foreman, and contained no conflicts. The verdict was received by the court, filed with the clerk, and the jury was discharged. Eight days later the Aelvoets filed a motion for mistrial and claimed that one juror had not agreed to the verdict. Attached to the motion was the affidavit of Mrs. Marian J. Stannus, one of the jurors. The court overruled exceptions to the motion and, after a hearing, granted the mistrial. Looking at the face of the record, and assuming the truth of everything alleged as grounds for a mistrial, the proceedings amounted to the impeachment of the verdict. Jury misconduct is not here involved.

No fact issues are presented, because the motion itself shows the absence of grounds for a mistrial... The motion states that the jury came into the court room after about an hour's deliberation, and through its foreman, with all jurors present, announced that the jury had agreed upon a verdict. No juror disagreed with that announcement. The foreman handed the verdict to the clerk, who handed it to the judge, who examined the verdict. There was no request for a poll, but the court on its own motion proceeded to poll the jurors. After reading the issues and answers, the court asked each juror if the verdict was his verdict. Rule 294, Texas Rules of Civil Procedure. Each juror answered that it was his verdict, except Mrs. Stannus, and she replied that she did not know what to say, but that no one had forced her to agree to the verdict. The court again asked if the verdict was her verdict, and she again replied that she was not sure, but then said, according to the allegations in the motion and her affidavit, "that the verdict was her verdict." Mrs. Stannus stated in her affidavit that she "finally answered 'Yes' to the question if the verdict was my verdict." She says, however, that she so answered while still believing and being convinced "as I do now believe and am convinced," that the answer to one issue was wrong. The judge then received the verdict and discharged the jury. The Aelvoets did not move the court to retire the jury for further deliberation, and sought no relief until more than a week after the jury was discharged.

The motion and affidavit state not only what occurred in open court, but also what transpired in the jury room. They state that there were three votes on the issues, and that on the third vote Mrs. Stannus was the only one who dissented. Then, without coercion, Mrs. Stannus told the other jurors that she "conceded under protest." Relators specially excepted to the allegations contained in the motion for mistrial. The exceptions, among others, were that the motion and affidavit were an effort to impeach a verdict by proof of a juror's mental reservations, and the motion on its face shows that she confirmed her vote when the court polled the jury.

Rule 294, T.R.C.P., declares that either party shall have the right to have the jury polled. It prescribes the method for the poll and states the question which the judge must ask. That question is the simple one: "Is this your verdict?" When the court propounded that question to Mrs. Stannus, she responded that it was her verdict. The question is clear and simple, and is easily understood by any person qualified to serve on a jury. It is capable of an affirmative or negative answer, and that is all the judge needs to determine. Rule 294 does not authorize a poll to determine whether a juror is hesitant or enthusiastic about the verdict. The question seeks to determine whether the verdict is the juror's at the time the court asks the question. Wheeler v. Oxford, Tex.Civ.App., 321 S.W. 2d 188; Wells v. Lone Star S. S. Co., Tex. Civ.App., 1 S.W.2d 925; Leverett v. St. Louis, S. F. & T. R. Co., Tex.Civ.App., 266 S.W. 589; 71 A.L.R.2d 643. At that time, and up to the time the court announced that it received the verdict, any juror may withdraw his verdict. Republic Ins. Co. v. Hale, Tex.Com.App., 128 Tex. 616, 99 S.W. 2d 909; Lee v. Galbreath, Tex.Civ.App., 234 S.W.2d 91. Jurors may not set aside verdicts by proof that their uncoerced affirmation is nevertheless contrary to their true convictions. The purpose of the poll, under the protection of the court, is to afford jurors an opportunity to express their convictions. That is the time for them to speak and not after their discharge when they have mingled with the public.

When jurors affirm their verdict in open court and the verdict is received, it acquires the finality of an official act. De Busk v. Cadenhead, Tex.Civ.App., 346 S.W.2d 146; Wheeler v. Oxford, 321 S.W. 2d 188; VIII Wigmore on Evidence (3rd Ed.), § 2355; 89 C.J.S. Trial § 487. That finality is not destroyed by proof that jurors answered "Yes" but believed "No". A

juror's doubts and misgivings, uncertainty, hesitancy, and mental reservations about the verdict do not destroy a verdict. Laney v. Hardy, Tex.Civ.App., 265 S.W.2d 609; Rodriguez v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 35 S.W.2d 510, 514; Twichell v. Klinke, Tex.Civ.App., 272 S.W. 283, 289. It is not destroyed by proof that a juror is not "satisfied" with the verdict; that the verdict was reached against a juror's "better judgment," Havrenek v. City of Pittsburgh, 344 Pa. 375, 25 A.2d 703; Black v. Thornton, 31 Ga. 641, 661; that the verdict was reluctantly reached, State ex rel. Neill v. Nutter, 99 W.Va. 146, 128 S.E. 142; Scholfield Gear and Pulley Co. v. Scholfield, 71 Conn. 1, 40 A. 1046; City of Conyers v. Kirk, 78 Ga. 480, 3 S.E. 442; that the verdict was the result of a compromise, Patterson v. Hughes, Tex.Civ. App., 227 S.W.2d 397; Kindy v. Willingham, Tex.Civ.App., 205 S.W.2d 435; see, Owens v. Missouri Pac. Ry. Co., 67 Tex. 679, 4 S.W. 593; 53 Am.Jur., Trial, § 911; 41–B Tex.Jur., Trial-Civil Cases, § 316; or that the juror voted with the majority "under protest", Dixon Stave & Heading Co. v. Archer, 40 Tenn.App. 327, 291 S.W. 2d 603; Wyley v. Bull, 41 Kan. 206, 20 P. 855; McCoy v. Jordan, 184 Mass. 575, 69 N.E. 358; 89 C.J.S. Trial § 490.

The record shows on its face that the verdict was received and filed. The motion for mistrial, on its face, showed that the verdict attained that finality accorded verdicts which are received. The court should have proceeded to judgment upon the verdict. Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139.

We conclude that relators' prayer for the writ of mandamus to proceed to judgment on the verdict of the jury is proper. We are confident that the trial judge will set aside his order of mistrial and will enter judgment. A writ of mandamus will issue only if he does not do so.