

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00091-CV

Daniel Roy **LOPEZ** and Antonia R. Lopez, Individually and
as Representatives of the Estate of Daniel Roy Lopez Jr.,
Appellants

v.

**FORD MOTOR COMPANY**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-04-254
Honorable Alex William Gabert, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    March 11, 2009

AFFIRMED

Daniel Roy Lopez and Antonia R. Lopez, individually and as representatives of the Estate

of Daniel Roy Lopez Jr., appeal the take-nothing judgment rendered in favor of Ford Motor

Company after a jury trial. We affirm the judgment.

## BACKGROUND

The Lopezes sued Ford after their son Daniel Lopez Jr. was killed in a traffic accident while driving a Ford pickup truck. The jury found against the Lopezes on their manufacturing and design defect claims and it assigned eighty percent of the responsibility for the death to the decedent. The trial court rendered judgment on the verdict on June 13, 2007. On July 11, 2007, the Lopezes filed a motion for new trial on the ground of "juror misconduct and error," alleging one of the jurors mistakenly signed the verdict form. On August 24, 2007, the Lopezes filed a supplemental motion for new trial, claiming juror misconduct on the grounds of an improper outside influence. The trial court denied both motions after hearing evidence and argument. The Lopezes appeal, arguing a new trial should have been granted because of juror error and jury misconduct.

## DISCUSSION

In their first issue, the Lopezes argue the trial court should have granted their original motion for new trial because one of the jurors mistakenly signed the verdict, resulting in an "error" or "irregularity in juror voting" that constitutes juror misconduct. We review the trial court's order on a motion for new trial for abuse of discretion. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996). Whether jury misconduct occurred is a question of fact for the trial court. *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000). In the absence of findings of fact, we assume the trial court made all findings in support of its decision to deny the motion for new trial. *Id.* If there is conflicting evidence on the issue, we defer to the trial court's finding. *Pharo*, 922 S.W.2d at 948.

The verdict was signed by ten jurors. Juror Elmira Alanis's signature appeared first on the verdict form. When the verdict was returned, the foreperson read the verdict aloud in open court.

No objections were raised. At the Lopezes' request, the trial court polled the jury. Beginning with Mrs. Alanis, the trial court asked whether the verdict read by the presiding juror was her verdict. Mrs. Alanis and nine others answered "yes." After the jury was polled, the trial court accepted the verdict.

At the hearing on the motion for new trial, Mrs. Alanis testified on direct examination she thought the first question in the charge — whether there was a design defect in the door of the pickup truck — should be answered "yes." She stated she signed the verdict because she thought she "was signing for mistrial." On cross-examination, however, Mrs. Alanis conceded she understood at the time that ten votes were necessary to support a verdict and that the verdict she signed answered "no" to question number one. She testified "I was under pressure I didn't want to sign and at the end I just signed. I got the paper and I signed it." Mrs. Alanis testified she "was the last one to decide," but when she did, she was the first person to sign the verdict. Mrs. Alanis acknowledged being in the courtroom when the verdict was announced. She also recalled being asked by the trial judge whether she agreed with the verdict and answering "yes." On redirect examination, the Lopezes' attorney asked her whether the verdict reflected her "ultimate decision." Mrs. Alanis responded, "No, I was very confused and I was very – I, I was under pressure. I, I was like – yeah, I had a lot of pressure and, uh, I just signed it."

Mrs. Alanis's testimony was conflicting: she testified she thought the answer to question number one should be "yes" and she believed she was "signing for a mistrial;" however, she also testified she understood the verdict contained a "no" vote to question one and that she nevertheless "decided" to sign the verdict. The trial court reasonably could have found that Mrs. Alanis's signature on the verdict form accurately reflected her vote. A new trial is not warranted merely

because a juror had doubts or misgivings about her vote. *See State v. Finch*, 349 S.W.2d 780, 782-83 (Tex. App.—San Antonio 1961, no writ). We hold the trial court did not abuse its discretion by denying the motion for new trial.

In their second issue, the Lopezes contend the trial court abused its discretion in denying their supplemental motion for new trial. The original motion for new trial, alleging juror misconduct because of Mrs. Alanis's vote, was timely filed within thirty days of the judgment. The supplemental motion, alleging for the first time juror misconduct due to an improper outside influence, was filed more than thirty days after the trial court signed the judgment. The motion was untimely. *See* TEX. R. CIV. P. 329b(b); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). A trial court has discretion to consider an untimely supplemental motion for new trial while the court retains plenary power. *Id.* "[B]ut if the trial court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion." *Id.* Because the untimely motion did not preserve any issue for appellate review, we overrule the Lopezes' second issue and affirm the trial court's judgment. *See id.*

## COSTS

As a general rule, the appellant pays the cost to prepare the appellate record and this court awards the prevailing party the appellate costs incurred by that party. *See* TEX. R. APP. P. 34.6(c ) (3); 43.4. However, we may tax costs otherwise for good cause. *See* R. 43.4; *see, e.g.*, *Castillo v. Am. Garment Finishers Corp.*, 965 S.W.2d 646, 655-56 (Tex. App.—El Paso 1998, no pet.). In this case, the Lopezes requested a partial record, consisting of the motion for new trial hearing and the portions of the trial proceedings that occurred after the jury retired to deliberate. When Ford subsequently requested the reporter prepare "all other portions of the reporter's record, including

opening statements, closing statements, and all trial testimony, together with exhibits," the Lopezes moved to require Ford to pay the cost of the additional parts of the record. After a hearing on the motion, the trial court ordered Ford to pay for preparation of the additions, impliedly finding the designated additions to the record were unnecessary to the appeal. *See* R. 34.6(a)(3). Ford paid the court reporter and the record of the trial was prepared and filed. In its brief, Ford requests we tax the cost of the record, as well as all other costs of this appeal, against the Lopezes.

The partial reporter's record requested by the Lopezes contained all that was necessary for us to dispose of this appeal. Had appellants successfully shown that only nine jurors had endorsed the verdict, as they argued in their first issue, we would have remanded the cause. No review of the trial record would have been necessary. And, as Ford successfully argued both in the trial court and on appeal, the Lopezes' issue claiming an improper outside influence on the jury was not raised in a timely motion for new trial and therefore was not preserved for appellate review. No review of the reporter's record was necessary.

We have considerable discretion in taxing costs on appeal. *See Recognition Commc'ns, Inc. v. Am. Auto. Ass'n*, 154 S.W.3d 878, 894-95 (Tex. App.—Dallas 2005, pet. denied). Although the trial court's order that Ford pay the cost to prepare the additional parts of the record does not affect our power to tax costs differently, *see* R. 34.6(c)(3), we agree with the trial court's finding that the portions of the record Ford requested were unnecessary. Accordingly, we find good cause to depart from the general rule and, in the interests of justice, we order Ford to bear the cost of the portions of the reporter's record it requested. We tax all other costs incurred by Ford in this appeal against appellants.

Steven C. Hilbig, Justice